The document below is hereby signed.

Signed: January 28, 2019



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KIM RASHEDA SAVOY, | ) | Case No. 18-00751 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE
CAR LESSOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Based on alleged defaults in car lease payments, and failure of the debtor to pay the price owed for purchasing the car at the end of the lease term, the debtor's car lessor has pursued a motion for relief from the automatic stay to permit it to take possession of the car and to sell, lease, or otherwise dispose of the car.  The debtor opposes the motion on the basis that the lessor caused damage to her equipment in the car, and has failed to properly credit her for payments she submitted to the lessor, thus eliminating any alleged default in payments under the lease and reducing the amount she owes to purchase the car.  The chapter 7 trustee has not opposed the motion.  For reasons stated at the hearing on the motion, and elaborated upon in this decision, I am granting the motion.

In this case under Chapter 7 of the Bankruptcy Code, the lease has been rejected by the trustee by operation of 11 U.S.C. § 365(d)(1). Accordingly, the lease is no longer property of the estate and has been abandoned by reason of rejection to the debtor. *See In re Couture*, 225 B.R. 58, 64 (D. Vt. 1998). Instead of the lease being property of the estate, the lease is property of the debtor that she may deal with outside of the bankruptcy case. The debtor's claims that the lessor damaged her equipment in the car and failed to give her credit for certain payments constitute a recoupment defense that may reduce (or theoretically eliminate) the alleged debt owed to the car lessor and the amount she is required to pay to purchase the car. The issue of the appropriate amount of the recoupment can be addressed in a court of competent jurisdiction other than the bankruptcy court.[1] The chapter 7 trustee, as representative of the estate, saw no reason to oppose the motion, and that suggests that he concluded that granting the motion will have no impact on the administration of the bankruptcy estate. The debtor did not point to any right she has under the Bankruptcy Code that would be affected by lifting the automatic stay. Nor has she pointed

---

[1] The debtor believes she will be able to pay whatever is the correct amount she needs to pay in order to purchase the vehicle. The parties would be well advised to attempt to come to a consensual resolution in that regard, with the lessor attempting to verify or demonstrate as in error the debtor's assertion that certain payments she made were not properly credited.

to any impact on the administration of the bankruptcy estate (or shown that she would have standing to raise a concern regarding an impact on the administration of the estate). The debtor has advanced no reason that warrants having the issue of the debtor's rights under the lease (now a non-estate asset) decided in this court, or that otherwise warrants keeping the automatic stay in place.

The evidence at the hearing on the motion suggested that the debtor's claims against the lessor are insufficient to completely set off the amounts she owes under the lease and the amount she must pay in order to purchase the car at the price indicated by the lease. If, instead, the debtor's claims entitle her to have title to the car and to recover an affirmative monetary damage claim from the lessor, the debtor has not scheduled that right of a monetary recovery as an asset of the estate.[2] The trustee has not abandoned such a right of an affirmative monetary recovery to the debtor (unless abandonment of the lease to the debtor includes abandonment of the right to a monetary recovery from the lessor). If the case is closed without the right to a monetary recovery having been scheduled, and the abandonment of the lease did not abandon any right to a monetary recovery to the debtor, the right will not be abandoned to the debtor by operation of 11

---

[2] The debtor scheduled the car as though she owns it (instead of scheduling the lease), but did not schedule any causes of action she owns.

U.S.C. § 554(c). The debtor could amend her schedules to schedule any such right and probably could claim such a right as an exempt. In any event, regardless of whether such a right to a monetary recovery exists, it is not a reason to deny lifting the automatic stay to permit the lessor to pursue its alleged claim that a default exists entitling it to take possession of the car, with the debtor free to raise any defenses she has to the alleged default and regarding what she owes to purchase the car.

An order follows granting Xchange Leasing's Motion for Relief from the Automatic Stay (Dkt. No. 23) to permit it, to the extent permitted by nonbankruptcy law, to take possession of the leased car and to sell, lease, or otherwise dispose of the car.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; recipients of e-notifications of orders.